## WILLIE GOOLSBY v. THE STATE.

### No. 680.    Decided June 8, 1910.

**1.—Assault to Murder—Evidence—Character for Peace.**

Where, upon trial for assault with intent to murder, the defendant put his character for peace and quietude in evidence, there was no error in permitting the State to introduce testimony that some five years previous to the difficulty defendant cut a lady teacher with a knife.

**2.—Same—Charge of Court—Limiting Testimony—Weight of Evidence.**

A charge of the court which directed the jury that they could not consider

certain testimony which was offered to impeach defendant's testimony, as affecting the guilt or innocence of defendant, was improper.

**3.—Same—Charge of Court—Words and Phrases.**

 Where the court in his charge omitted the word "not" in his charge to the jury, which gave the charge a meaning which was entirely different from that intended to be conveyed and was very injurious to the defendant, the same was reversible error.

Appeal from the District Court of Limestone. Tried below before the Hon. H. B. Daviss.

Appeal from a conviction of aggravated assault; penalty, a fine of $600 and twelve months confinement in the county jail.

The opinion states the case.

*Doyle, Jackson & Harper,* for appellant.—On question of the court's charge: Clampitt v. State, 3 Texas Crim. App., 638; Scott v. State, 36 S. W. Rep., 276; Hackett v. State, 13 Texas Crim. App., 406.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—The appellant was indicted for assault with intent to murder and his trial resulted in a conviction of aggravated assault with a fine of $600 and twelve months in the county jail.

The statement of facts shows that at the schoolhouse at Pleasant Valley, in Limestone County, at the noon hour of the 15th day of October, 1909, the appellant cut one Calvin Harris with a knife inflicting quite serious wounds. Both appellant and Harris were attending school at the time, Harris being twenty-one years of age and appellant nineteen. It would seem that the fuss between these boys started over a letter that had been written by someone to the appellant's sister. The prosecuting witness had heard that the appellant accused him of writing the letter. He approached the appellant, who was on the outside of the schoolhouse, leaning up against the wall, and asked him if he accused him of writing the letter. Appelland denied it. One word after another was said, and the prosecuting witness made some remark about appellant's sister. Appellant asked the prosecuting witness if he meant to insinuate that his sister was not respectable. The prosecuting witness replied in rather a questionable manner. From this the row started, in which the prosecuting witness Harris was cut in two or three places. One was a serious and dangerous wound across his breast and went nearly to the heart. The defendant claimed that the prosecuting witness started the row and seized him by the throat before he cut him. The prosecuting witness claimed that he was doing nothing at the time when the defendant rushed upon him and commenced stabbing him.

On the trial of the case the defendant put his character for peace

and quietude in evidence. The State to combat this issue offered to prove and did prove that some years previous to the difficulty, and when defendant was some thirteen or fourteen years of age, and while going to school, he cut the lady teacher with a knife and plead guilty to an aggravated assault. This testimony was objected to and a bill of exception reserved. The court in the qualification to the bill of exceptions said that this was proper testimony and legitimate for the purpose of proving that defendant was not a peaceable and quiet man. We think the testimony was admissible on the issue as to defendant being a quiet and peaceable man.

On the trial of the case the court below charged the jury as follows: "There has been adduced before you some evidence that defendant Willie Goolsby cut a lady school teacher some years ago, you are instructed that this evidence is not to be considered by you as in any way affecting the guilt or innocence of defendant. This evidence can be considered by you for no other purpose than affecting defendant's reputation as a peaceable and law abiding citizen; on the contrary, if you believe it does affect it, this being a matter for your determination, you can consider this evidence as affecting defendant's guilt of the charge in this case." We find in the motion for new trial and bill of exception that complaint is made of this charge, first, that it was upon the weight of the testimony, and, second, that it told the jury that they could not consider this testimony as either affecting the guilt or innocence of the defendant and that the same was contradictory in that it directed the jury that they could consider this evidence as affecting defendant's guilt of the charge. The court in qualifying the bill of exception to this charge states that no objection was made to it at the time it was delivered and that in reading the charge he used the word "not." We would say that the charge is erroneous in the first place in directing the jury that they could not consider this testimony as affecting the guilt or innocence of the defendant. He should have stated that the only purpose that it could serve in the case would be as affecting the character of the defendant as a peaceable man and could not be considered by them in determining the guilt of the defendant. Second, we are of opinion that the court in omitting the word "not" gave the charge a meaning that was very injurious to the defendant. It is true the court may have read the charge to the jury with the word "not" in it, yet the jury took the charge in their retirement and it is to be presumed that the jury read the charge in their retirement. Now, as we understand the rule, where a word is omitted from a sentence that an intelligent mind would supply to make the sentence complete, it would not be cause for reversal. See Cromwell v. State, this day decided and authorities there cited, but where the omission of the word changes the whole meaning of a sentence and gives to it a meaning that would be highly injurious to the appellant, then the charge would be erroneous. In the case of Clampett v. State, 3

Texas Crim. App., 638, this court reversed the case because of the omission of the word "not" before the word "guilty," and held that though the same was shown to have been but an accident, yet it was such error that this court was compelled to reverse the case. The charge in that case complained of was as follows: "If you believe from the evidence that defendant, as charged in the indictment, unlawfully killed Good, under the immediate influence of sudden passion arising from an adequate cause at the time, and that he was not excused or justified in so doing on the ground of self-defense, as charged, then you will find the defendant guilty of manslaughter, and assess his punishment at confinement in the penitentiary not less than two nor more than five years; otherwise you will find the defendant guilty," the word "not" being left out before the word "guilty." We are of opinion that the omission of the word "not" was accidental and that perhaps the court in reading the charge to the jury used the word "not," but with this word omitted from the charge in the case it changed the meaning, and a construction that would be highly injurious to the rights of the appellant was given to the charge, and we would not be authorized in holding that this was harmless error.

There are several other questions raised in the record, but we do not deem them as of sufficient importance to require review. For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*